USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/25/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

        v.

GORDON FREEMAN,
JEFFREY GOLDSTEIN,
TODD SCHLIFSTEIN,
DIALECTI VOUDOURIS,

        Defendants.
-----------------------------------------------------------X

18-CR-217 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

    Defendants Gordon Freeman, Jeffrey Goldstein, Todd Schlifstein, Dialecti Voudouris ("defendants") are charged with conspiracy to violate the Anti-Kickback Statute, in violation of 18 U.S.C. § 371 (Count One); a substantive violation of the Anti-Kickback Statute, in violation of 42 U.S.C. § 1320a-7b(b)(1)(B) (Count Two); and conspiracy to commit honest services wire fraud, in violation of 18 U.S.C. § 1349 (Count Three). In addition, Goldstein and Voudouris are charged with aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1), 1028A(c)(5), and 2 (Count Four); Voudouris is charged with wrongful disclosure of individually identifiable health information, in violation of 42 U.S.C. §§ 1320d-6(a)(3) and 1320d-6(b)(1) (Count Seven); and Goldstein and Schlifstein are charged with wrongful disclosure of individually identifiable health information, in violation of 42 U.S.C. §§ 1320d-6(a)(3) and 1320d-6(b)(1) (Count Eight).

    Currently before this Court are the defendants' pretrial motions seeking: (1) dismissal of various counts contained in the indictment; (2) a bill of particulars; (3) discovery pursuant to *Brady* and *Giglio*; (4) expert witness disclosure; (5) disclosure of 404(b) evidence; (7) disclosure of Jencks Act material; and (7) identification of the government's trial witnesses and trial

exhibits.[1]

For the reasons stated below, defendants' motions are GRANTED in part and DENIED in part.

## DISCUSSION

### I. Motions to Dismiss the Indictment

"An indictment returned by a legally constituted and unbiased jury . . . if valid on its face, is enough to call for a trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956). To be valid on its face, "[a]n indictment is sufficient if it 'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead to an acquittal or conviction in bar of future prosecution for the same offense.'" *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)); *see also* Fed. R. Crim. P. (7)(c)(1) ("The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ."). Generally, "an indictment need 'do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'" *Stringer*, 730 F.3d at 124 (quoting *United States v. Pirro*, 212 F.3d 86, 92 (2d Cir. 2000)). "An indictment 'need not be perfect, and common sense and reason are more important than technicalities.'" *Id.* (quoting *United States v. De La Pava*, 268 F.3d 157, 162 (2d Cir. 2001)).

The indictment returned by the grand jury in this case alleges every element of each charged offense, fairly informs the defendants of the charges against which they must defend, and enables them to preclude future prosecution for the same offenses. In fact, the indictment—

---

[1] The defendants' motions for severance will be addressed in a separate opinion and order.

which spans seventy-four pages—provides far more detail than is required and easily meets the standard described above. Therefore, defendants' various motions to dismiss the counts contained in the indictment are DENIED.

## II.   Motions for a Bill of Particulars

Federal Rule of Criminal Procedure 7(f) permits a defendant to seek a bill of particulars "to identify with sufficient particularity the nature of the charge pending against [the defendant], thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Ikoli*, No. 16 Cr. 148 (AJN), 2017 WL 396681, at *5 (S.D.N.Y. Jan. 16, 2017) (alteration in *Ikoli*) (Nathan, J.) (quoting *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987)). "Acquisition of evidentiary detail is not the function of a bill of particulars." *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36, 41 (2d Cir. 2010); *see also United States v. Kazarian*, 10 Cr. 895, 2012 WL 1810214, at *25 (S.D.N.Y. May 18, 2012) (Gardephe, J.) ("A bill of particulars is not a general investigative tool, a discovery device or a means to compel the government to disclose evidence or witnesses to be offered prior to trial." (quoting *United States v. Gibson*, 175 F. Supp. 2d 532, 537 (S.D.N.Y. 2001) (Casey, J.))). Thus, "[a] bill of particulars should be required *only* where the charges are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Berganza*, No. 03 Cr. 987, 2005 WL 372045, at *5 (S.D.N.Y. Feb. 16, 2005) (Batts, J.) (emphasis added) (quoting *Torres*, 901 F.2d at 234 (2d Cir. 1990)); *see also United States v. Payden*, 613 F. Supp. 800, 816 (S.D.N.Y. 1985) (Edelstein, J.) ("It is not enough that the information would be useful to the defendant; if the defendant has been given adequate notice of the charges against him, the government is not required to disclose

additional details about the case.").

Here, the detailed indictment, standing alone, is sufficient to satisfy the Government's obligations. Apart from the indictment, the Government has provided the defendants with considerable (and organized) discovery pursuant to Rule 16. Taken together, the indictment and discovery productions are more than sufficient to advise the defendants of the charges against them, enabling them to prepare for trial, avoid unfair surprise, and preclude a second prosecution for the same offenses. Therefore, the defendants' motions for a bill of particulars are DENIED.

### III.  Motions for Pretrial Disclosure

#### A.  *Brady* and *Giglio* Material

Under *Brady v. Maryland*, 373 U.S. 83, 83 (1963), the government "has a constitutional duty to disclose evidence favorable to an accused when such evidence is material to guilt or punishment." *United States v. Coppa*, 267 F.3d 132, 135 (2d Cir. 2001). "This duty covers not only exculpatory material, but also information that could be used to impeach a key government witness." *Id.* (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972)). There is no bright-line rule concerning when the government must turn over *Brady* or *Giglio* information in its possession; the Second Circuit has often "reiterate[d] the longstanding constitutional principle that as long as the defendant possesses Brady evidence in time for its effective use, the government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner." *Id.* at 144.

Here, the government represents that it "recognizes its obligations under *Brady*, has acknowledged its obligations in correspondence with defense counsel, and has produced and will continue to produce information that warrants disclosure." (ECF No. 95, at 64.) This satisfies the government's obligations under *Brady* and *Giglio* at this juncture. *See, e.g., United States v.*

*Reyes*, 417 F. Supp. 2d 257, 260–61 (S.D.N.Y 2005) (Swain, J.) (denying defendants' motion to compel production of *Brady* and *Gilgio* material because the government represented that it understood its disclosure obligations and would timely disclose any *Brady* and *Gilgio* information); *Ikoli*, 2017 WL 396681, at *3 (same). Therefore, the defendants' motions for production of *Brady* and *Gilgio* material are DENIED. "[T]he defendants may renew [their] motion[s] if they become aware of any failure on the [g]overnment's part to comply with [its] duties." *Ikoli*, 2017 WL 396681, at *3 (citing *See United States v. Brown*, No. 14 Cr. 509 (NSR), 2016 WL 4734667, *3 & n.1 (S.D.N.Y. Sept. 9, 2016) (Ramon, J.)).

    **B.**    **Production Deadlines**

        *1.*    *Expert Witness Disclosures*

Federal Rule of Criminal Procedure 16 "does not provide for the specific timing of expert witness disclosures, but it is expected such disclosures occur in a timely fashion." *United States v. Russo*, 483 F. Supp. 2d 301, 310 (S.D.N.Y. 2007) (Robinson, J.) (citing *United States v. Pirro*, 76 F.Supp.2d 478, 488 (S.D.N.Y. 1999) (Parker, J.)). In this case, the government has represented that if it decides to call any expert witnesses at trial, it will make the required disclosures in a timely fashion, and no later than four weeks before trial. (ECF No. 95, at 67.) This proposed timeline is reasonable, and the Court approves it. *See United States v. Lino*, No. 00 Cr. 632 (WHP) 2001 WL 8356, at *21 (S.D.N.Y. Jan. 2, 2001) (Pauley, J.) (requiring disclosure thirty days before trial). Therefore, the defendants' motions regarding expert witness disclosures are DENIED.

        *2.*    *404(b) Evidence*

Under Rule 404(b), if the prosecutor in a criminal case intends to use "[e]vidence of a crime, wrong, or other act" against a defendant, the prosecutor must "provide reasonable notice

of the general nature of any such evidence that the prosecutor intends to offer at trial" and must "do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b). "Rule 404(b), however, sets no minimum time for action by the government in this request, nor would any time limits be appropriate, since the evidence the government wishes to offer may well change as the proof and possible defenses crystallize." *United States v. Matos-Peralta*, 691 F. Supp. 780, 791 (S.D.N.Y. 1988) (Sweet, J.).

Here, the government represents that it "expects to provide notice of Rule 404(b) evidence at a reasonable time before trial, and consistent with the typical practice in this District, intends to move *in limine* to admit such evidence." (ECF No. 95, at 68.) This representation is sufficient at this juncture. *See United States v. Allums*, No. 97 Cr. 267 (HS), 1997 WL 599562, at *1 (S.D.N.Y. Sept. 25, 1997) (Baer, J.) ("The [g]overnment has agreed to produce this material in time so that the defense may have an opportunity to challenge [its] admission; this is all that is required with respect to Rule 404(b) evidence."). Therefore, the defendants' motions regarding Rule 404(b) evidence are DENIED.

    3.    *Jencks Act Material*

The Jencks Act requires only that the government disclose written statements of any witness in advance of his or her cross-examination. 18 U.S.C. § 3500. This Court lacks the power to mandate early disclosure of Jencks Act material. *See, e.g.*, *Coppa*, 267 F.3d at 145–146 (2d Cir. 2001). The government represents that it will begin to produce Jencks Act material three weeks before trial. (ECF No. 95, at 69.) This representation is sufficient at this juncture. *See United States v. Vega*, 309 F. Supp. 2d 609, 617 (S.D.N.Y. 2004) (Koeltl, J.) ("The Government represents that it intends to make . . . Jencks Act material available to the defense in sufficient time for its effective use at trial. These representations are sufficient."); *cf. United*

*States v. King,* No. 10 Cr. 122 (JGK), 2011 WL 1630676, at *7 (S.D.N.Y. Apr. 27, 2011) (Koeltl, J.) (approving a one-week-prior-to-trial schedule for disclosure of Jencks Act materials in complicated embezzlement, tax evasion, and money laundering case). Therefore, the defendants' motions regarding disclosure of Jencks Act material are DENIED.

    4.    *Witness List*

"A defendant is not entitled to the Government's witness list prior to trial." *United States v. Giffen,* 379 F. Supp. 2d 337, 345 (S.D.N.Y. 2004) (Pauley, J.) (citing *United States v. Bejasa,* 904 F.2d 137, 139 (2d Cir. 1990)). However, a district court has the discretion to compel pretrial disclosure where a defendant makes "a specific showing that disclosure [is] both material to the preparation of his defense and reasonable in light of the circumstances surrounding his case." *United States v. Cannone,* 528 F.2d 296, 301 (2d Cir.1975).

The defendants have failed to make any specialized showing of need in this case. Accordingly, the defendants' motions regarding disclosure of preliminary and final witness lists are DENIED. At present, the Court is satisfied with the government's representation that it will begin to produce the names of witnesses it intends to call three weeks before trial.

    5.    *Exhibit List*

Federal Rule of Criminal Procedure 16 requires the government to provide discovery of documents "the government intends to use . . . in its case in chief at trial." Fed. R. Crim. P. 16(a)(1)(E). Although courts in this District have, at times, concluded that a district court does not have the power to order pretrial disclosure of the government's exhibit list, *see United States v. Nachamie,* 91 F. Supp. 2d 565, 569 (S.D.N.Y. 2000) (Scheindlin, J.) (holding that district courts do not have the discretion to compel pretrial disclosure of the government's exhibit list given the plain language of Rule 16), courts have regularly required pretrial disclosure of the

government's exhibit list in complex cases involving voluminous discovery, *see, e.g.*, *Giffen*, 379 F. Supp. 2d at 344 (directing the government to provide a preliminary trial exhibit list before trial).

Given the complex nature of this case, along with the large volume of documents produced by the government thus far, pretrial disclosure of the government's exhibit list is reasonable. Nevertheless, the defendants' proposed timeline—disclosure of a preliminary exhibit list ninety days before trial and a final exhibit list thirty days before trial—is unwarranted. Instead, the government is directed to provide a preliminary trial exhibit list no later than thirty days before trial. *See Giffen*, 379 F. Supp. 2d at 344 (ordering the government to provide a preliminary exhibit list thirty days before trial). The defendants are bound by the same timeline. The government and the defendants may supplement their exhibit lists at any time, including during trial, if there is good reasons to do so.

The defendants' motions regarding pretrial disclosure of the government's exhibit list are thus GRANTED in part and DENIED in part.

## CONCLUSION

For the foregoing reasons, the defendants' motions are GRANTED in part and DENIED in part.

SO ORDERED.

Dated: New York, New York
June 24, 2019

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge