UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____         │
│ DATE FILED: May 21, 2020         │
└─────────────────────────────────┘
```

18-CR-217 (KMW)
**OPINION AND ORDER**

v.

TODD SCHLIFSTEIN,

Defendant.
------------------------------------------------------------X

KIMBA M. WOOD, District Judge:

Defendant Todd Schlifstein has moved to reduce his sentence under the federal

compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), in light of the COVID-19 pandemic.

(*See* Defendant's Amended Memorandum of Law ("Def. Mem."), ECF No. 303.)   The

Government opposes the motion.  (ECF No. 306.)  For the reasons that follow, Defendant's

motion is DENIED.

## BACKGROUND

On June 26, 2019, Defendant pleaded guilty to one count of conspiracy to violate the

Anti-Kickback Statute, in violation of 18 U.S.C. § 371.  Specifically, Defendant admitted to

accepting bribes and kickbacks in the form of speaker fees from the pharmaceutical company

Insys Therapeutics in exchange for prescribing Insys's fentanyl-based pain medication, Subsys.

On October 28, 2019, the Court sentenced Defendant to a term of 24 months'

imprisonment, to be followed by two years of supervised release.

On February 24, 2020, Defendant surrendered to the custody of the Bureau of Prisons ("BOP") to begin serving his sentence.  He is currently serving his sentence at the minimum security satellite camp at USP Lewisburg.

Just over a month after his surrender, on March 31, 2020, Defendant petitioned the BOP to recommend a reduction in his sentence on compassionate release grounds, pursuant to 18 U.S.C. § 3582(c)(1)(A). (Gov. Opp'n at Ex. A.)  The BOP denied the petition on April 10, 2020. (*Id.* at Ex. B.)

Separately, on April 7, 2020, defense counsel sent the BOP a letter requesting that Defendant be transferred to home confinement pursuant to the Attorney General's directives, which, in accordance with the CARES Act, expanded eligibility for transfer to home confinement under 18 U.S.C. § 3624(c)(2).  (Decl. of Alex Spiro at Ex. A, ECF No. 301-1); *see* Coronavirus Aid, Relief, and Economic Security (CARES) Act 2020, Pub. L. No. 116-136, 116th Cong., Title VI § 12003 (2020).  The BOP has taken no action on that request, but does not currently consider Defendant a "priority" for home confinement.  (Gov. Opp'n at 2.)  The BOP prioritizes inmates who have served at least 50% of their sentences, or who have served at least 25% of their sentences and have no more than 18 months of their prison terms remaining; Defendant has served approximately 11% of his 24-month prison term.  (*Id.*)

Defendant filed the present motion on May 7, 2020.  The Government submitted its opposition on May 15, 2020, and Defendant replied on May 20, 2020.

## LEGAL STANDARDS

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant.  A defendant

may move under § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[1]  *Id.*

A court may reduce a defendant's sentence if the court finds that "extraordinary and compelling reasons warrant such a reduction," and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  *Id.* § 3582(c)(1)(A)(i).  In making this determination, the court must consider the "the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable."  *Id.* § 3582(c)(1)(A).

Congress delegated responsibility to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction."  28 U.S.C. § 994(t)).  The Sentencing Commission has determined that a defendant's circumstances meet this standard when, *inter alia*, the defendant is "suffering from a terminal illness" or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility," or if, in the judgment of the BOP, the defendant's circumstances are extraordinary and compelling for "other reasons."  U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A), (D).  Following the passage of the First Step Act, courts may independently determine whether such "other reasons" are present in a given case, without deference to the BOP's judgment.  *See United States v. Lisi*, No. 15-CR-457, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) (Failla, J.).

In addition, the Sentencing Commission has resolved that a court should reduce a defendant's sentence only after determining that "[t]he defendant is not a danger to the safety of

---

[1] Defendant's motion is properly before the Court because 30 days have elapsed since the date of Defendant's request to the Warden.

any other person or to the community."  U.S.S.G. § 1B1.13(2).

## DISCUSSION

COVID-19 presents increased risks in prison settings, where it is difficult to practice consistent social distancing, to maintain strict hygiene, and to take other preventative cautions. Currently, there are no reported cases of COVID-19 among inmates at USP Lewisburg, and only one staff member has tested positive.[2]  The Court is nevertheless mindful that asymptomatic transmission may be occurring without the BOP's knowledge.[3]  The Government states that none of the 1,107 inmates at USP Lewisburg's main facility or the 310 inmates at the minimum security satellite camp where Schlifstein resides has been tested for COVID-19.  Thus, the lack of reported cases might indicate that the BOP's "protocols have been sufficient to prevent an outbreak"; it might instead be explained by a failure of detection.  *United States v. Daugerdas*, No. 09-CR-581, 2020 U.S. Dist. LEXIS 77658, at *8 (S.D.N.Y. May 1, 2020) (Pauley, J.).

Defendant argues that his underlying medical conditions enhance the dangers associated with infection transmission in prison settings.  Defendant is 51 years old and suffers from sleep apnea, high blood pressure, and high cholesterol.  (Def. Mem. at 8.)  The extent to which sleep apnea may increase a person's chances of experiencing severe complications from COVID-19 is not well documented.[4]  Overall, although Defendant is likely more vulnerable to COVID-19 than

---

[2] *See* Covid-19 Cases, BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed May 21, 2020)

[3] Linda So & Grant Smith, *In Four U.S. State Prisons, Nearly 3,300 Inmates Test Positive for Coronavirus -- 96% Without Symptoms*, REUTERS (April 25, 2020), available at https://www.reuters.com/article/us-health-coronavirus-prisons-testing-in/in-four-u-s-state-prisons-nearly-3300-inmates-test-positive-for-coronavirus-96-without-symptoms-idUSKCN2270RX.

[4] Defendant cites posts on sleephealthsolutionsohio.com and kellymingus.com that suggest that patients with sleep apnea are at higher risk from COVID-19 infection. *See* Dr. Carl Rosenberg, *Coronavirus Concerns for Patients with Sleep Apnea* (Mar. 22, 2020), *available at* https://www.sleephealthsolutionsohio.com/blog/coronavirus-sleep-apnea-cpap-therapy/; Dr. Kelley Mingus, *Sleep Apnea May Increase Coronavirus Risk* (Mar. 16, 2020), *available at* https://kelleymingus.com/2020/03/16/sleep-apnea-may-increase-coronavirus-risk/.  The Centers for Disease Control and Prevention do not recognize sleep apnea as a risk factor for COVID-19.  Centers for Disease Control and Prevention, *Coronavirus Disease 2019 (COVID-19): People Who Are At Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed May 21, 2020).

some, his health is not severely compromised.

The Court is not currently prepared to find that Defendant's health, in combination with the conditions at USP Lewisburg, constitutes an extraordinary and compelling reason for Defendant's release.  If, however, one or both of those factors materially worsen, the Court will entertain a renewed motion.

Because the Court has found that no extraordinary and compelling reason warrants compassionate release, it need not reach other issues raised in the parties' submissions, including consideration of the Section 3553(a) sentencing factors.  *See United States v. Salemo*, No. 11-CR-0065-01, 2020 U.S. Dist. LEXIS 86977, at *6 n.3 (S.D.N.Y. May 17, 2020) (Rakoff, J.)

The Court takes this occasion, however, to acknowledge that Defendant would pose no danger to his community if released.  His conviction in this case was his first.  He is no longer licensed or board certified to practice medicine.  (Def. Mem. at 2–3.)  The Government states that he has no record of disciplinary problems in prison and he has the minimum Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") score, indicating that his recidivism risk level is low.  (Gov. Opp'n at App'x A.)  Neither Defendant's underlying conviction nor his proposed re-entry plan weighed against his consideration for home confinement.  (*Id.*)  Rather, the BOP determined that Defendant was not a priority candidate for home confinement because he has served only 11% of his 24-month term.  (*Id.*)

For these reasons, in the Court's estimation, Defendant is a strong candidate for temporary release pursuant to the furlough statute, 18 U.S.C. § 3622(a).  Whether to grant Defendant a furlough is committed to sole discretion of the BOP.  *See United States v. Roberts*, No. 18-CR-528-5, 2020 U.S. Dist. LEXIS 62318, at *10–11 (S.D.N.Y. Apr. 8, 2020) (Furman,

---

J.).  That said, nothing in the furlough statute prevents this Court from recommending that the BOP exercise its discretion to grant Defendant temporary release.  *Id.* at 11.  Temporary release would reduce the threat posed to him and to all inmates at USP Lewisburg by COVID-19, while also ensuring that Defendant serves the full sentence that the Court very recently concluded he deserves.  *Id.* at *13.  To ensure that the BOP learns of the Court's recommendation and treats the matter with the urgency it merits, the Court directs counsel for the Government to promptly serve this Opinion and Order on the Warden and Chief Counsel of USP Lewisburg.

## I.    CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release under § 3582(c)(1)(A) is DENIED.

SO ORDERED.

Dated: New York, New York
       May 21, 2020

_____/s/ Kimba M. Wood_____
KIMBA M. WOOD
United States District Judge