# RMF
## RUSKINMOSCOUFALTISCHEK PC.
*Counselors at Law*

Writer's Direct Dial: (516) 663-6536
Writer's Direct Fax: (516) 663-6736
Writer's E-Mail: dnadjari@rmfpc.com

April 13, 2023

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/18/23

By ECF

Hon. Kimba Wood
Senior U.S. District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Re:   *United States v. Todd Schlifstein*
      18-CR-217 (KMW)

Dear Judge Wood:

Please be advised that our firm represents Todd Schlifstein, defendant herein. Pursuant to 18 U.S.C. § 3583(e)(1), Mr. Schlifstein seeks early termination of the period of supervised release imposed by this Court. According to Brittany Valentine, Mr. Schlifstein's probation officer, the United States Probation Office, Southern District of New York, has no objection to early termination from supervised release.

*[Handwritten: Granted]*

## FACTS

By way of background, on June 26, 2019, Dr. Schlifstein pleaded guilty to one count of Conspiracy to violate the Anti-Kickback Statute in violation of 18 U.S.C. § 371. In so doing, he admitted to accepting bribes and kickbacks in the form of speaker's fees from a pharmaceutical company, Insys Therapies. He admitted accepting those payments in exchange for prescribing Subsys, Insys' fentanyl based pain medication. While the government contended that the prescriptions issued absent medical necessity, there was neither proof nor admission of any such conduct.

On October 18, 2019, the Court sentenced the defendant to a term of twenty-four months imprisonment, to be followed by two years of supervised release. Todd Schlifstein was released by the Bureau of Prisons to home confinement on September 25, 2020 and was released from home confinement on November 25, 2021. He served seven months in prison, was on home confinement for fourteen months and has been on supervised release for nearly seventeen months (17) months.

April 13, 2023
Page 2



**RMF**
RUSKINMOSCOUFALTISCHEK P.C.
*Counselors at Law*

## CONTROLLING LAW

After considering of relevant 18 U.S.C. § 3553 factors, 18 U.S.C. § 3583(e)(1) permits the court, to terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release… if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice. More than one year has since transpired since his release to home confinement on September 25, 2020 and his conduct since that time has been laudable.

## ARGUMENT

As explained herein, Mr. Schlifstein now moves for discharge from the two-year term of supervised release imposed by this Court on May 21, 2020. As stated, 18 U.S.C. § 3553 analysis is necessary and suggests that termination of supervised release is appropriate:

1. 18 U.S.C.§ 3553(a)(1): **The nature and circumstances of the offense and the history and characteristics of the defendant:**

The offense involved prescription of fentanyl for chronic pain syndromes. The government alleged (and Mr. Schlefstein conceded) that he accepted bribes and kickbacks in exchange for those prescriptions. However, there was no indication of patient harm, nor did the government allege a lack of medical indication underlying each prescription. Mr. Schlifstein had no prior criminal history and led a law-abiding life until this aberrant episode.

2. 18 U.S.C. § 3553(a)(2)(B), (a)(4): **The Need of the Sentence Imposed & the Kinds of Sentence and sentence range established for this offense**:

The offense carries a maximum term of imprisonment of five years, a maximum term of supervised release of three years and a maximum fine of the greatest of $250,000, twice the gross pecuniary gain derive the offense or twice the gross pecuniary loss to the person other than the defendant resulting from the offense (an amendatory special assessment)

On May 7, 2020, this court denied Mr. Schlifstein's application for reduction of his sentence on compassionate release grounds. However, in so doing, it considered many of the factors relevant to the 18 U.S.C. § 3553(a) analysis required herein. At that hearing, the government conceded that Mr. Schlifstein posed no disciplinary problem in prison and that his risk of recidivism was low. Although the court could not determine that his medical condition was sufficient to warrant compassionate release, it did acknowledge that this was Mr. Schlifstein's first conviction and, if released, he would pose no danger to the community. (See Opinion and Order, dated May 21, 2020, annexed hereto as Exhibit 1.)



April 13, 2023
Page 3

Mr. Schlifstein has served a humbling prison sentence. He surrendered his medical license and as a result of his conviction (and license surrender), has forfeited both his livelihood and the respect of his peers and relatives alike. Accordingly, the sentence does indeed reflect the seriousness of the offense, promotes respect for the law, and represents just punishment. The sentence imposed lets other similar situated healthcare providers know that they will be swiftly and severely punished, as well as Mr. Schlifstein for his conduct. The loss of license together with imprisonment and disgorgement provides an ample deterrent to others who would be similarly tempted to violate the law in similar fashion and profit.

Since his release( and without any indicia of the potential for personal gain of any sort), Mr. Schlifstein prepared and delivered a humbling talk at the annual meeting of the New York State Pain Society in April 2022 about the personal, clinical and legal dangers of prescribing opioids. This is an organization with over three hundred (300) physician members who practice pain management in New York State. He has undertaken other efforts to speak to similar professional societies in other jurisdictions.[1]

Also, please know that Mr. Schlifstein has found it difficult, if not impossible, to obtain meaningful employment once he has disclosed that he is still on supervised release.

## CONCLUSION

In sum, Mr. Schlifstein poses no danger and has been adequately punished by the sentence imposed, which provided an adequate general deterrence to the underlying conduct. Since his release, Mr. Schlifstein's conduct has been exemplary and United States probation office does not oppose this application. Accordingly, the interests of justice favor early termination of supervised release and, for these reasons, we respectfully submit that this application should be granted.

*Defendant's term of Supervised release is terminated.*

Very truly yours,

Douglas M. Nadjari
For the Firm

DMN:

cc: Brittany Valentine

993215

SO ORDERED: N.Y., N.Y. 4/18/23

KIMBA M. WOOD
U.S.D.J.

---

[1] The remaining §3553 factors are not pertinent to this application and, thus, are not addressed.